## STUBBS v. PAGE.

The covenant usually inserted in a collector's deed—"*that the taxes aforesaid* "*were assessed and published and notice of the intended sale of the said lands* "*given according to law*,"—is a stipulation not only that the taxes were in *fact* assessed, but that the assessment was *legally made*.

Where a deed conveys no seisin, in law or fact, the measure of damages is the consideration-money and interest thereon.

In an action upon the covenants in a deed in which the defendant, in his capacity of collector of taxes for the town of *Frankfort*, undertook to convey to the plaintiff the lands of certain delinquent non-resident owners,—the plaintiff in his declaration alleged that the defendant therein covenanted "that the "taxes for which said land was sold were assessed and pub-"lished and notice of the intended sale of said lands given ac-"cording to law, and that in all respects he the said *Page* had "observed the directions of law, *and that* he had good right "and full power to sell and convey the premises to the plaintiff "to hold as aforesaid;"—and in his averment the plaintiff negatived the words of these covenants, and alleged that by reason of the illegality of said assessment he had been evicted of the lands by the original proprietors in an action commenced against him, in which the demandants recovered, and he had been compelled to pay a large sum in costs, besides the monies expended in his own defence in attempting to establish the legality of the assessment of said taxes, &c.

The covenants in the deed, were in these words,—"that the "taxes aforesaid were assessed and published and notice of "the intended sale of the said lands given according to law, "and that in all respects I have observed the direction of the "law, *whereby* I have good right and full power to sell and con-"vey the premises," &c.—Whereupon the defendant pleaded in bar that the assessors of the town of *Frankfort* "*did assess* "*said non-resident proprietors' land named in said deed*, in the "sum of thirteen dollars, and did publish and commit said as-"sessment to the said *Page* with their warrant for collection;"— and that he duly advertised and posted the same, &c. [specially setting forth all his proceedings] whereby he had good right, &c.

To this plea the plaintiff demurred in law, assigning, among other causes, that the defendant in his plea " only says that the " assessors *did assess* the non-resident proprietors' land named " in said deed, and did publish and commit said assessment to " the said *Page*, without averring in said plea that they *did le-* " *gally assess* said lands," &c.

Hereupon the principal question was—whether the collector, by the words of the deed, had stipulated for the *legality* of the assessment by virtue of which he had sold the lands?

*Crosby*, for the defendant, said that the rule of *fortius contra proferentem* was a rule only of necessity,—and not to be resorted to where the intent of the parties can be fairly collected from the deed itself. *Here*, the language of the deed being susceptible of two constructions, it ought to receive that interpretation which best accords with the obligations imposed on the defendant, by law, at the time of making the deed. Now he was at that time in the regular discharge of his office of collector of taxes. It was no part of *his* duty to covenant that the assessors had done *theirs*. He had no means of investigating their doings. It was enough for him to know that he had a tax-bill *purporting* to be a legal assessment, committed to him by a legal warrant, under the hands and seals of persons duly chosen, and authorized to issue such a precept,—and that in *his own* official acts he had obeyed the commands of the law. Of course he can be understood to stipulate for no more. Had the terms of this deed been the subject of personal conference between the parties, and the defendant been interrogated respecting the legality of the assessment, he would undoubtedly have replied that the plaintiff's means of judging on this point were equal to his own. This construction relieves a public officer from unreasonable hardship ;—and it operates with no unreasonable severity on the *vigilant* landholder, since he may always seek his remedy against the assessors themselves, for any injury sustained by their misconduct. *Sumner v. Williams,* 8 *Mass.* 214. 1 *Saund.* 59. *n.* 1. 2 *Bos. & Pul.* 13. 2 *Saund.* 176. *n.* 6. *Shep. Touchst.* 163.

*Wilson*, for the plaintiff.

MELLEN C. J. delivered the opinion of the Court, as follows.

The question in this case is presented to us by a special demurrer to the pleas in bar.—The action is covenant broken, founded on certain covenants in the defendant's deed.--That which the plaintiff relies upon is in these words,—" and I do " covenant with the said *Stubbs*, his heirs and assigns, that the " taxes aforesaid were assessed and published and notice " of the intended sale of the said lands given *according to law.*"— The defendant after craving oyer of the deed, pleads to the breach assigned touching the *assessment* and *publishing* of said taxes as follows, viz. " that the assessors of said town of *Frank-* " *fort did assess* said non-resident proprietors' land named in " said deed in the sum of $13,—and did *publish* and commit " said assessment," &c.—To *this* plea there is a demurrer and one cause assigned is that it does not state that the assessors did *legally assess*, &c.—It does not seem necessary for us to notice any of the other pleas, or any of the causes of demurrer.—The counsel for the defendant contends that his *plea is good*, because it is as broad as the *covenant*, though not as broad as the language of the *breach as assigned ;*—and as the deed is by the pleadings become a part of the record, the reasoning of the counsel. is correct, provided his construction of the covenant in question be correct.--We are thus carried back to the *covenant* before quoted ; and the true construction of it must decide the action ; because the declaration states that the original proprietors of the land have recovered it from the plaintiff, on account of the illegality in the assessment of said taxes and in the proceedings of the defendant, the collector ; and none of these facts have been denied.

The argument of the defendant's counsel is that the concluding words of the covenant, " according to law," ought not to be considered as having any connection with or reference to the *assessment*, but only to the *legality of the notice* of the *intended sale.*—The counsel for the plaintiff contends that they must be applied to all that *precedes* in the same sentence, in the same manner as the word " covenant" in the *beginning* of the sentence must necessarily be considered as applicable to the whole.—The arrangement is such and the language is so express, that we do not feel ourselves warranted in giving to the

covenant the limited construction which is contended for by the defendant.—He was under no obligation to enter into such a covenant, but still he has done it; and he must abide the consequences of his own contract.—It is not the duty of a Court to explain away the plain language of parties, or defeat their expressed intentions by refined distinctions;—but to give a natural construction, presuming that such was expected when the deed was written.—Besides, we are bound to suppose that *all the words* of the deed were inserted for some purpose; and for what purpose was the *assessment* mentioned in the sentence, unless to be embraced in the covenant?—Was it for mere information to the plaintiff? Was it a statement of a *simple truism,* about which no one would ever doubt? The words of a covenant should be construed with reference to the object and design of *all* covenants; which it is well known are entered into for the purpose of conveying some *beneficial rights* to the covenantee—We are therefore satisfied that according to the true construction of the covenant in question it must embrace the *assessment,* as well as the *publishing* of the *taxes* and the *legality of the notice* of the intended sale; and of course the plaintiff is entitled to recover.—As to the question of damages, the rule is well settled.—Where *nothing* passes by the deed; no seisin in *law* or *fact;* the purchaser is entitled to recover the consideration, and interest, and nothing more.—In the case before us, the collector not being *seized himself,* and his deed being void as a conveyance, it passed no estate whatever; it gave no seisin or possession to the plaintiff. Of course he could not be evicted of an estate which he never had; and therefore the expenses incurred by him in defending the action brought by the proprietors, cannot be allowed by way of damages. He should not have entered and exposed himself to a suit. See 2 *Mass. Bickford v. Page,* 455.; and *Cushman v. Blanchard, ante, p.* 266. and the cases there cited.

*Pleas in bar adjudged insufficient.*